UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00694-JLS-DFM  Date: July 09, 2020
Title: Levi Dalton v. FCA US LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present       Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 13)**

Before the Court is Plaintiff's Motion to Remand this case to Orange County Superior Court, currently set for hearing on July 10, 2020, at 10:30 a.m. (Mot., Doc. 13.) Defendant FCA US LLC ("FCA") opposed, and Plaintiff replied. (Opp'n, Doc. 26; Reply, Doc. 28.) For the following reasons, the Court DENIES Plaintiff's Motion.[1]

## I. BACKGROUND

Plaintiff filed this "lemon law" action in Orange County Superior Court on March 6, 2020. (Compl., Doc. 1-2.) In the Complaint, Plaintiff alleges that FCA violated California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") by selling Plaintiff a defective vehicle, failing to repair the vehicle "after a reasonable number of attempts," and then refusing to repurchase the vehicle or otherwise make restitution to Plaintiff. (*See id.* ¶¶ 8–11, 32.)

FCA removed the case to this Court on April 9, 2020, asserting diversity jurisdiction. (Notice of Removal ("NOR"), Doc. 1.)

---

[1] The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for July 10, 2020, at 10:30 a.m., is VACATED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00694-JLS-DFM                                     Date: July 09, 2020
Title: Levi Dalton v. FCA US LLC et al.

## II.   LEGAL STANDARD

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Therefore, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). However, courts "strictly construe the removal statute against removal jurisdiction" and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.   DISCUSSION

Without specifically challenging any of FCA's jurisdictional allegations, Plaintiff contends that remand is necessary because Defendant's counsel was "unable to provide evidence and authority showing that removal was proper" during the conference of counsel required by Local Rule 7-3. (Mot. at 2.) The Court takes this to mean that Plaintiff asserts a facial challenge to the notice of removal. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019) (a facial challenge "accepts the truth of the [removing party's] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction.") (alteration in original) (internal quotation marks omitted), *cert. denied*, 206 L. Ed. 2d 497 (Mar. 30, 2020).

As to diversity of citizenship, "when a defendant's allegations of citizenship are unchallenged, nothing more is required." *Id.* Here, FCA alleges that Plaintiff is a citizen of California and FCA is not. (*See* NOR ¶¶ 22–23.) Having confirmed that none of FCA's owner or member entities are citizens of California (*see* Docs. 22–23, 25),[2] the

---

[2] The Court directs FCA's counsel to *Shank v. FCA US LLC*, No. 8:20-CV-00509-JLS-KES, 2020 WL 3469267, at *2 n.3 (C.D. Cal. June 25, 2020) for an explanation of its burden on removal in connection with limited liability companies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00694-JLS-DFM | Date: July 09, 2020 |
| Title: Levi Dalton v. FCA US LLC et al. | |

Court is satisfied that complete diversity exists.

As to the amount in controversy, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co.* v. *Owens*, 574 U.S. 81, 87 (2014). Here, while Plaintiff had before him FCA's amount-in-controversy allegations as stated in the Notice of Removal, he chose not to contest any of them in his Motion. Instead, Plaintiff's Motion argues, cryptically, that FCA's burden is somehow heightened because Plaintiff has asserted a challenge to FCA's assertion of jurisdiction by using the following, apparently magic, words: "28 U.S.C. § 1447(c) gives Plaintiff the power to challenge the Defendant's assertion that this Court has removal jurisdiction, *and Plaintiff now does so*." (Mot. at 3–4 (emphasis added).) Contrary to Plaintiff's apparent belief, this statement is not some sort of incantation that absolves him of proffering a factual and legal argument. And nothing in Plaintiff's Motion causes the Court to question FCA's allegations.

Plaintiff's only specific challenges to the sufficiency of FCA's allegations are in his Reply brief, and "[t]he district court need not consider arguments raised for the first time in a reply brief," *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Even if the Court were to consider those arguments, and the accompanying boilerplate evidentiary objections, they lack merit: all are *evidentiary*, not factual, in nature, in that Plaintiff not once actually challenges the truth of FCA's jurisdictional allegations, despite having all the relevant information at his disposal. Plaintiff repeatedly cites *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992), for the proposition that "[i]f [the party asserting jurisdiction's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, [the party] must support them by competent proof," *id.* at 567 (quoting *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)). Plaintiff appears to have skipped over the "in any appropriate manner" aspect of this proposition.

In sum, the Court finds FCA's jurisdictional allegations sufficient. Remand is therefore unwarranted.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00694-JLS-DFM   Date: July 09, 2020
Title: Levi Dalton v. FCA US LLC et al.

Initials of Preparer: tg